IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Timothy Dale Crockett, *formerly 200598*,<br><br>        Plaintiff,<br><br>v.<br><br>Julia Alsirt; Charlen Alexander; and the Estate of Jane Evelyn Penor-Copeland,<br><br>        Defendants. | C/A No. 7:18-1210-JFA-KFM<br><br><br>**ORDER** |

## I.   INTRODUCTION

Plaintiff Timothy Dale Crockett ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action seeking monetary damages and injunctive and declaratory relief. Plaintiff states that he is a federal detainee currently housed at the Spartanburg County Jail but will soon be moved to federal prison to serve a sentence issued on September 5, 2018. (ECF No. 22); (ECF No. 27 at 4). Pretrial proceedings in this action were referred to the assigned United States Magistrate Judge under Local Civil Rule 73.02(B)(2)(D.S.C.)

On May 10, 2018, this Court issued an order advising Plaintiff that his case was not in proper form and directing him to bring the case into proper from by May 31, 2018. (ECF No. 5). Plaintiff brought his case into proper form on May 21, 2018. (ECF No. 13).

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and recommended that the district court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The

decline to automatically give the plaintiff leave to amend his Complaint for the purpose of curing procedural defects and dismiss the action without prejudice and without issuance and service of process. (ECF No. 14). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

## II. DISCUSSION

A district court is required to conduct a de novo review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman*

---

recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

*v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful").

Plaintiff filed his Objections to the Report on June 6, 2018, in which he raised four objections. (ECF No. 20). While it is questionable whether several of the objections are related to the dispositive portions of the Magistrate Judge's Report, this Court reviews them all below out of an abundance of caution.

### A. Objection I: Nature of the Case as Involving the Handling and Disposition of the Assets and Estate of Jane Evelyn Penor-Copeland.

Plaintiff first objects that the Report erroneously insinuates his Complaint "involves multiple issues surrounding the handling and disposition of assets and the estate of [Jane Evelyn Penor-]Copeland." (ECF No. 14 at 2); (ECF No. 20 at 2). However, this objection does not appear to focus the Court's attention on an issue related to the dispositive portions of the Magistrate Judge's Report. Indeed, whether the case may involve adjudication of an estate rather than the causes of action articulated by the Plaintiff was not analyzed in the Report.

One possibility is that Plaintiff is objecting to the Magistrate Judge's recommendation that the Complaint be dismissed because of the absence of a federal question to give the Court subject matter jurisdiction over the present case. To the extent Plaintiff objects to the Magistrate Judge's rationale, this Court agrees with the Report that Plaintiff has failed to allege a federal question and Plaintiff's objection here is inadequate to overcome the procedural defect of the lack of a federal question.

### B. Objection II: Whether Alexander was Properly Named the Personal Representative of Copeland's Estate.

Second, Plaintiff objects to the Report's statement that "the plaintiff appears to question the defendant Alexander being named the personal representative of Copeland's estate . . . ." (ECF No. 20 at 3). Again, this issue is not central to the Report's analysis. Discussion of the personal representative of the Copeland estate may relate to whether the cause of action presents a federal question, but nothing more. Plaintiff's objection does not change the fact that he does not plead a federal question. Thus, Plaintiff's second objection does not affect the Court's ruling on the Report and the Court holds that Plaintiff does not plead a federal question in this case.

### C. Objection III: Whether Procedural Defects in Plaintiff's Complaint May be Cured by Amendment.

Third, Plaintiff objects to the Magistrate Judge's opinion in the Report that the procedural defects in Plaintiff's Complaint (that is, failure to plead a federal question or complete diversity of the parties) cannot be cured by amendment. (ECF No. 20 at 3). Although he admits the Complaint is procedurally flawed by not satisfying the subject matter jurisdiction requirement, Plaintiff argues he can cure the defects by amending his Complaint. (ECF No. 20 at 3). Indeed, he filed an Amended Complaint that dismisses non-diverse defendants so as to establish complete diversity of citizenship. (ECF No. 16). Notably, however, Plaintiff does not allege any federal question at any time, but rather relies solely upon diversity of citizenship as the basis for this Court's subject matter jurisdiction over his case.

This Court disagrees with the Report's conclusion that Plaintiff cannot cure his procedural defects by amending his Complaint, especially since the Report does not provide a rationale for its conclusion. However, Plaintiff's proposed Amended Complaint fails to cure those defects because it seeks to dismiss non-diverse defendants that are not dispensable.

"[I]t is well settled that Rule 21[, FRCP,] invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). "[T]he factors which must be considered in determining whether a non-diverse party is indispensable are set forth in Fed.R.Civ.P. 19(b)." *H.D. Corp. of Puerto Rico v. Ford Motor Co.*, 791 F.2d 987, 992 (1st Cir. 1986). Rule 19(b) prescribes consideration of the following factors: (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action; (2) the extent to which any prejudice could be alleviated; (3) whether a judgment in the person's absence would

be adequate; and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit for non-joinder. Fed. R. Civ. P. 19(b).

The Rule 19(b) factors promote important interests, including "the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability it shares with another" and "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *H.D. Corp.*, 791 F.2d at 992 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 108-11 (1968)). "[A]t least two courts have held that it would be an abuse of discretion for a district court to deny a plaintiff's motion to drop a non-diverse defendant and retain jurisdiction if that party is not indispensable and no prejudice will result to the remaining defendants." *S.C. Elec. & Gas Co. v. Ranger Const. Co.*, 539 F. Supp. 578, 580 (D.S.C. 1982) (citing *Kerr v. Compagnie De Ultramar*, 250 F.2d 860 (2d Cir. 1958); *Neeld v. American Hockey League*, 439 F.Supp. 459 (W.D.N.Y.1977)).

### a. Factor 1, Rule 19(b), FRCP.

Under the first factor of Rule 19(b), a judgment rendered in the would-be-dismissed defendants' absence might prejudice the remaining defendant, Julia Alsirt. Rather than being jointly and severally liable with co-defendants for whatever potential judgment could be rendered, the remaining defendant would have "sole responsibility for a liability it shares with another." *H.D. Corp.*, 791 F.2d at 992 (citing *Patterson*, 390 U.S. at 108–11). Plaintiff's mere assertion that "defendant Alsirt would not face any prejudice" and the "other two defendants are not required as parties" without any supporting argument is unconvincing. (ECF No 20 at 4). Thus, this factor weighs against the dispensability of the non-diverse parties Plaintiff seeks to dismiss.

### b. Factor 2, Rule 19(b), FRCP.

Under the second factor of Rule 19(b), it is not clear whether any prejudice could be lessened or avoided by protective provisions in the judgment, sharing the relief, or other measures. Fed. R. Civ. P. 19(b)(2)(A)-(C). Thus, the second factor does not aid the Court's analysis.

### c. Factor 3, Rule 19(b), FRCP.

Under the third factor of Rule 19(b), Plaintiff would arguably not be able to pursue full recovery since not all of the defendants to this case would be parties. However, Plaintiff is the movant in this scenario and has already disregarded the potential reduction in recovery in favor of preserving the Court's subject matter jurisdiction over this dispute. (ECF No. 20 at 4). Thus, the third factor does not clearly inform the Court's decision.

### d. Factor 4, Rule 19(b), FRCP.

Under the fourth factor of Rule 19(b), Plaintiff would have an adequate remedy if the action were dismissed for non-joinder since this case may be properly pursued in state court. In fact, Plaintiff asserts that he already commenced an action related to Copeland's will prior to the filing of the present case, presumably in state court. (ECF No. 1 at 2). Thus, this factor weighs against the dispensability of the non-diverse parties Plaintiff seeks to dismiss.

After weighing the factors in Rule 19(b), this Court holds that the non-diverse parties Plaintiff seeks to dismiss are not dispensable parties, and thus Plaintiff's proposed Amended Complaint would not cure the procedural defects in his original Complaint. Therefore, this Court lacks subject matter jurisdiction to review Plaintiff's claims.

### D. Objection IV: Costs of Relitigating Plaintiff's Case.

Lastly, Plaintiff Objects to the Magistrate Judge's recommendation that the Complaint be dismissed without prejudice because such an order would lead Plaintiff to re-file his Complaint, which would be a monetary hardship to him and a waste of judicial resources. (ECF No. 20 at 5). However, Plaintiff has failed to demonstrate that his case falls within this Court's subject matter jurisdiction. Plaintiff's proposed Amended Complaint fails to remedy the procedural defects of his original Complaint. Further, "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006). Thus, Plaintiff's fourth objection fails to deter this Court from holding that it lacks subject matter jurisdiction in this case.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds it lacks subject matter jurisdiction over Plaintiff's claims. While the Court agrees with the Report that Plaintiff's Complaint is plagued with procedural defects, the Court disagrees with the Report's conclusion that Plaintiff's procedural defects cannot be cured by amendment. Ultimately, however, Plaintiff failed to remedy those defects with his proposed Amended Complaint. Thus, the Court adopts the Magistrate Judge's recommendation and Plaintiff's case is dismissed without prejudice and without service of process.

Further, Plaintiff's Motion to Amend Complaint (ECF No. 16) is denied because it fails to dismiss dispensable non-diverse parties or allege a federal question and, therefore, fails to remedy the procedural defects in Plaintiff's original Complaint. Plaintiff's Motion for Extension

(ECF No. 25) is also denied because it seeks hypothetical prospective relief rather than an articulable extension of time to respond to a specific action by either the opposing party or this Court. Even if the Court construes Plaintiff's Motion for Extension as a request for an extension of time to respond to the Report, the motion is mooted by Plaintiff's Objections to the Report, which are the subject of this Order. (ECF No. 20). Finally, Plaintiff's Motion for Judicial Notice (ECF No. 27) is denied because Plaintiff has been mailed all relevant documents pertaining to this case as they have been filed.

IT IS SO ORDERED.

October 24, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge